# Illinois Official Reports

## Appellate Court

---

### *CitiMortgage, Inc. v. Hoeft*, 2015 IL App (1st) 150459

---

| | |
|---|---|
| Appellate Court Caption | CITIMORTGAGE, INC., as Successor by Merger to ABN AMRO Mortgage Group, Inc., Plaintiff-Appellee, v. ROBERT R. HOEFT and CINDY F. HOEFT, Defendants-Appellants (Bank of America, N.A., Successor by Merger to LaSalle Bank, N.A., Target National Bank, Unknown Owners, and Nonrecord Claimants, Defendants). |
| District & No. | First District, First Division<br>Docket No. 1-15-0459 |
| Filed | August 17, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-2343; the Hon. Robert Senechalle, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Charles Aaron Silverman, of Chicago, for appellants.<br><br>Codilis & Associates, of Chicago (Louis J. Manetti, Jr., of counsel), for appellee. |
| Panel | PRESIDING JUSTICE DELORT delivered the judgment of the court, with opinion.<br>Justices Cunningham and Connors concurred in the judgment and opinion. |

**OPINION**

¶ 1 Virtually every residential mortgage contains an "acceleration clause" requiring the lender to send the borrowers a notice (an "acceleration letter") before suing them to foreclose the mortgage. Typically, the mortgage provides that the acceleration notice must contain certain information regarding what the borrowers may do to cure their default before the judicial foreclosure process commences. This case presents a recurring issue[1] regarding what information a valid acceleration notice must contain.

¶ 2 CitiMortgage, Inc. (CitiMortgage), as successor to ABN AMRO Mortgage Group, Inc., sued the defendants, Robert R. Hoeft and his wife Cindy F. Hoeft, to foreclose a mortgage on the Hoefts' home in Schaumburg, Illinois. The mortgage contains a standard acceleration clause in distinctive bold print stating in relevant part:

"Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument ***. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure."

¶ 3 On November 11, 2010, after the Hoefts fell behind in their payments, CitiMortgage sent them an acceleration letter stating in pertinent part:

"THE ABOVE REFERENCED LOAN IS IN DEFAULT. ***

To cure the default you must pay the past due amount of $5,620.70, including $267.00 in late charges and $13.50 in delinquency related expenses. We must receive your payment by 12/11/10 ***. Any additional monthly payments and late charges that fall due by 12/11/10 must also be paid to bring your account current. You must send certified funds (certified check, cashier's check, or money order to: ***.

Failure to cure the default by 12/11/10 may result in the acceleration of all sums due under the Security Instrument. ***

You have the right to bring a court action to or to assert in any foreclosure proceeding, the non-existence of a default or any other defense you have to acceleration and the sale of the property."

¶ 4 The Hoefts argued below that the content of CitiMortgage's prelawsuit acceleration letter did not conform to the mortgage's requirements. They moved to dismiss the case pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2012)) because of the allegedly faulty acceleration notice. The court denied that motion and ordered the Hoefts to answer the complaint. The Hoefts reasserted the deficiency of the

---

[1]See *Bank of New York Mellon v. Derdas*, 2015 IL App (1st) 140850-U; *Deutsche Bank National Trust Co. v. Kopec*, 2015 IL App (1st) 142310-U.

acceleration notice in an affirmative defense included with their answer. CitiMortgage then moved to strike the affirmative defense pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2012)). The trial court granted that motion and struck the affirmative defense.

¶ 5 CitiMortgage then moved for summary judgment. In response, the Hoefts did not reassert anything regarding the acceleration notice but instead only argued that CitiMortgage's prove-up affidavit was defective. The court disagreed, granted CitiMortgage's motion for summary judgment, and eventually confirmed the sale of the subject property. The Hoefts filed a notice of appeal indicating that they seek review of the order of foreclosure and sale, and the order confirming sale.

¶ 6 In this court, however, the Hoefts challenge only the denial of their section 2-619(a)(9) motion to dismiss. They argue that the letter neither apprised them of the "extent of the default," nor "let them know exactly what they need to pay in order to cure the default." In particular, they challenge the statement in the letter stating that "[a]ny additional monthly payments and late charges that fall due by 12/11/10 must also be paid" as ambiguous in that it "does not give the cure amount."

¶ 7 CitiMortgage argues that the acceleration notice was sufficient, but it also suggests there are several procedural bars to the Hoefts' ability to pursue this issue on appeal. It points out that: (1) the notice of appeal does not reference the denial of the motion to dismiss and it was not part of the procedural progression leading to the summary judgment order; and (2) the Hoefts forfeited their arguments in this court because they were not raised below.

¶ 8 The starting point for the first issue is Illinois Supreme Court Rule 303(b)(2) (eff. May 30, 2008). That rule provides that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from." Generally, the denial of a motion to dismiss is not a final and appealable order. *Cabinet Service Tile, Inc. v. Schroeder*, 255 Ill. App. 3d 865, 868 (1993). However, "[a]n appeal from a final judgment draws into issue all previous interlocutory orders that produced the final judgment." *Knapp v. Bulun*, 392 Ill. App. 3d 1018, 1023 (2009). A notice of appeal is deemed to include an unspecified interlocutory order if that order was a step in the procedural progression leading to the judgment specified in the notice of appeal. *Themas v. Green's Tap, Inc.*, 2014 IL App (2d) 140023, ¶ 6. If an order not listed in the notice of appeal was a step in the procedural progression, it may be reviewed because it can be said to relate to the judgment specified in the notice of appeal. *Neiman v. Economy Preferred Insurance Co.*, 357 Ill. App. 3d 786, 790-91 (2005). We construe notices of appeal liberally. *In re Desiree O.*, 381 Ill. App. 3d 854, 863 (2008). Here, the denial of the motion to dismiss was a procedural step toward both the foreclosure order and the final judgment confirming the sale after foreclosure, because had the court granted the motion, the court would have dismissed the case and never entered the later two orders. All three orders are integrally interrelated. Accordingly, we have jurisdiction to review the order denying the motion to dismiss.

¶ 9 Second, CitiMortgage contends that the Hoefts' defenses regarding the acceleration letter have constantly changed, as they have cited different acceleration letter defects at different stages of the case below, and within, this appeal. The Hoefts argued below that CitiMortgage could not demand payment in certified funds, an issue they omit in this appeal, but they did raise other challenges, as well. While the Hoefts indeed characterized their challenge to the acceleration letter differently at different points, all their arguments at least touched on the theme in this appeal–that the letter was flawed because it referred to additional amounts

which were impossible to identify and thus enable them to know what they must pay to halt the loan acceleration. Accordingly, we decline to find that the Hoefts forfeited this issue by not presenting it below.

¶ 10   That brings us to the merits of the order denying the Hoefts' section 2-619(a)(9) motion to dismiss. We review denial of a section 2-619 motion to dismiss *de novo*. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). Section 2-619(a)(9) allows dismissal if "the claim asserted against defendant is barred by other affirmative matter." 735 ILCS 5/2-619(a)(9) (West 2012). When ruling on a motion to dismiss under section 2-619, a court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences from those facts in favor of the nonmoving party. *Coghlan v. Beck*, 2013 IL App (1st) 120891, ¶ 24. As a result, a court should not grant a motion to dismiss unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery. *Id.*

¶ 11   The Hoefts argue that CitiMortgage's acceleration letter did not comply with the terms of the mortgage. However, the mortgage only requires that the letter set forth: (1) the default; (2) the action required to cure the default; (3) the date by which the default must be cured; and (4) that the failure to cure will result in an acceleration of the debt. The letter clearly meets all of these requirements. First, it states the loan is in default. Second, it tells the Hoefts that to cure the default they must pay a certain amount of money, specified down to the penny. Third, it states they must cure the default by December 11, 2010. Fourth, it states that failure to do so will accelerate the debt. The only element on which there is even a slight question is the second one, regarding the amount owed. The Hoefts seem to contend that the sums due are not, in fact, discernible from the letter because the "additional monthly payments and late charges" clause includes no specific dollar amount of what those payments and charges might be. However, this slight omission is an unavoidable consequence of the ability of the borrowers to cure the default during a 30-day window of time, rather than only on a specific day. Additionally, the amount due on the loan changes on a daily basis because of interest accrual, an immutable characteristic which is the very essence of the underlying note and mortgage. We do not agree with the Hoefts' premise that the acceleration letter must anticipate every conceivable event affecting the amount due over the 30-day window, particularly when those amounts would be quite minor in light of the large sum already overdue and which CitiMortgage specified down to the last cent. Because the period spans 30 days, it will almost certainly include a day on which the regular monthly mortgage payment will become due. However, on the day the acceleration letter was issued, that amount was not yet due, so it could not have been properly included in the cure amount. The major portion of any additional amount due under the challenged clause would simply be that regular monthly mortgage payment, a sum readily ascertainable from the past loan history. Accordingly, the court did not err in denying the Hoefts' motion to dismiss.

¶ 12   Affirmed.