2024 IL App (1st) 231392-U
Order filed: May 23, 2024

FIRST DISTRICT
FOURTH DIVISION

No. 1-23-1392

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| BOGDAN RUSNAK & EXPRESS AUTO SALE, INC., | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 2020 M6 9132 |
| SERVICE IMMEDIATE, INC., | ) ) | Honorable Carrie Hamilton, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirmed the circuit court's judgment after a bench trial awarding plaintiffs $3500 on their breach of contract claim and awarding defendant $1350 on its breach of contract counterclaim.

¶ 2    Plaintiffs, Bogdan Rusnak and Express Auto Sale, Inc., filed an action for breach of contract against defendant, Service Immediate, Inc., arising out of defendant's alleged failure to complete an engine swap on one of plaintiffs' trucks pursuant to an oral contract. Defendant filed a counterclaim for breach of contract against plaintiffs for their alleged failure to pay defendant

for the work performed under the contract. Following a bench trial, the circuit court entered a judgment awarding plaintiffs $3500 on their breach of contract claim and awarding defendant $1350 on its breach of contract counterclaim. Plaintiffs appeal. We affirm.

¶ 3    On December 24, 2020, plaintiffs filed a complaint in replevin seeking possession of two trucks (known as truck 52 and truck 77) that allegedly were wrongfully detained by defendant's repair shop. Defendant filed an answer asserting that plaintiffs had towed the trucks to the repair shop and requested that defendant remove the engine from truck 52 and install it in truck 77. Defendant removed the engine and issued an invoice for $2850. Plaintiffs refused to pay. Defendant asserted a superior possessory lien based on plaintiffs' failure to pay it for the removal of the engine from truck 52. Defendant also filed a counterclaim for breach of contract based on plaintiffs' failure to pay for the removal of the engine.

¶ 4    On April 14, 2021, the circuit court held a hearing on plaintiffs' replevin claim. Plaintiffs have failed to provide us with a transcript of the hearing or an acceptable substitute under Illinois Supreme Court Rule 323 (eff. July 1, 2017). Following the hearing, the court entered a written order stating that defendant was entitled to retain the trucks until payment was received for the removal of the engine.  The court stated, "Because the defendant is not wrongfully detaining the property at issue, the action for replevin cannot stand and is therefore denied."

¶ 5    Plaintiffs filed a motion to reconsider, which the circuit court denied on April 29, 2021. Plaintiffs then filed a notice of appeal on May 26, 2021, from the orders denying their replevin claim and their motion to reconsider. Defendant filed a motion to dismiss the appeal because it was not final and appealable, as the circuit court had not yet ruled on the outstanding counterclaim for breach of contract. We granted the motion to dismiss on June 9, 2021.

-2-

¶ 6     On September 21, 2021, plaintiffs filed their first amended verified complaint for breach of contract. [1] Plaintiffs did not renew their claim for replevin.

¶ 7     The court set the case for a bench trial on November 7, 2022. On November 4, 2022, defendant filed an amended motion *in limine* seeking to exclude plaintiffs' proposed exhibits 7, 8, 9, 10, and 11, and supplemental exhibit 1, as they only had been produced three to four days before trial. Exhibit 7 consisted of a list of invoices showing the income generated by truck 77 from July 2020 to November 2020; supplemental exhibit 1 contained the actual invoices. Exhibits 8 and 9 consisted of towing receipts dated August 20, 2022, showing the cost of towing truck 77 from defendant's repair shop. Exhibit 10 consisted of an invoice dated August 25, 2022, from a different repair shop, the Truck Doctor of Illinois, showing that $1000 had been paid for a diagnostic check of truck 77. Exhibit 11 consisted of an estimate of damages to truck 77 prepared by an insurance appraiser and dated September 9, 2022, which showed a total damages amount of $17,412.65.

¶ 8     The circuit court granted the motion *in limine* barring exhibit 7 and supplemental exhibit 1 and denied the motion as to exhibits 8, 9, 10, and 11.

¶ 9     The cause proceeded to trial. Bogdan Rusnak testified that he was the owner of Express Auto, a transportation company, which owned truck 77 and truck 52. In December 2020, truck 77 began losing oil and Rusnak had it towed to defendant's truck and trailer repair shop. Rusnak spoke with defendant's owner, Igor Savyuk, who stated that truck 77 needed a new engine. Rusnak asked whether he could swap the engine in truck 52 for the engine in truck 77. Savyuk agreed to do the engine swap for $3500, due when the swap was completed. In reliance on the oral

---

[1] Plaintiffs also asserted claims for violation of the Automotive Repair Act (815 ILCS 306/1 (West 2022)) and negligence. The circuit court dismissed the Automotive Repair Act claim prior to trial and granted a directed verdict on the negligence claim. Neither of those rulings are at issue on appeal.

agreement, Rusnak towed truck 52 to defendant's repair shop on December 8, 2020, so that its engine could be swapped for truck 77's engine.

¶ 10    On December 18, Rusnak returned to check on whether the engine swap had been completed. Rusnak saw that the engine had been removed from truck 52 but had not yet been installed in truck 77. Savyuk presented Rusnak with an invoice for $1900 for removing the engine from truck 52. Rusnak refused to pay the $1900, and he told Savyuk that pursuant to their agreement, he would pay defendant the entire $3500 once the engine was installed into truck 77. Savyuk tore up the invoice and wrote a new invoice for $5500. Rusnak refused to pay the $5500 and demanded the return of his trucks. Savyuk replied that he would not return the trucks until Rusnak paid the $5500.

¶ 11    Rusnak returned on December 21 and saw that there was damage to the front of truck 77, as if it had been struck by another vehicle. Rusnak spoke with Savyuk, who disclaimed any responsibility for the damage. On December 28, Rusnak's insurance agent examined truck 77 and determined that it had sustained about $3000 in damages. Savyuk continued to refuse to return the trucks to Rusnak; and the engine swap was never completed. Rusnak finally retrieved truck 77 in August 2022.

¶ 12    Savyuk testified that in December 2020, he entered into an oral agreement with Rusnak whereby Rusnak would pay $2500 for Savyuk to remove the engine from truck 52. Once the engine was installed in truck 77, Rusnak would pay an additional $2500.

¶ 13    Savyuk removed the engine from truck 52 and asked for the agreed-upon payment of $2500. Rusnak violated the oral agreement by refusing to pay any amount until the engine was installed in truck 77. Savyuk never installed the engine into truck 77 because of Rusnak's refusal

to make the $2500 installment payment. Savyuk also charged Rusnak storage fees until he eventually picked up the trucks. Rusnak never paid those fees.

¶ 14    Savyuk denied that he or any of his mechanics ever damaged truck 77.

¶ 15    John Borgia, an insurance appraiser who specializes in appraising heavy equipment such as SUVs and pickup trucks, was called by plaintiffs to testify to his opinion regarding the amount of damages suffered by truck 77 while at defendant's repair shop. Borgia's written estimate was contained in exhibit 11. Defendant objected because plaintiffs failed to disclose Borgia as an expert opinion witness under Illinois Supreme Court Rule 213(f) (eff. Jan. 1, 2018). Plaintiffs admitted they had not disclosed Borgia as a Rule 213(f) witness.

¶ 16    The following colloquy ensued:

"[PLAINTIFFS' COUNSEL:] *** I want to just get the estimate into evidence, not that—he doesn't have to testify as an expert on what the repair costs would be as an expert, but just as an F1, you can get evidence damages using a layperson. I'm not asking you to take it, like, as he's an expert.

THE COURT: All right. But I guess I'm confused then. What's the basis of the estimate, if it's not based upon an expertise, right? I mean, it's not as if this is the mechanic who worked on the truck, and is saying this is the estimate we put together. They brought it in. This is everything that I saw, and that is what we charge for this stuff, right? This is slightly different.

* * *

[DEFENDANT'S COUNSEL:] *** An estimate by its nature is an opinion, especially if he's trying to rely on his expertise, and he's not the one who's performing any repairs. So this is—I mean, as counsel said, this is expert testimony.

-5-

THE COURT: Yeah, I mean he wasn't disclosed as an F1. What that means is, he can testify about everything that he saw. But then going the next step to talk about his—what his expertise is regarding what it would cost, that's not something he was disclosed for."

¶ 17    The circuit court sustained defendant's objection and barred Borgia's opinion testimony.

¶ 18    At the conclusion of the trial, the court entered an order on April 11, 2023, which found that defendant breached the contract to swap the engines and awarded plaintiffs $3500 in damages. The court also found that plaintiffs breached the contract by failing to pay for the removal of the engine from truck 52 and some towing costs and awarded defendant $1350 in damages on its counterclaim. Plaintiffs filed a motion to reconsider, which the circuit court denied on July 6, 2023.

¶ 19    On August 2, 2023, plaintiffs filed a notice of appeal stating they were appealing the "Judgment Order entered April 11, 2023 & Court Order Entered on July 6, 2023." On August 4, 2023, plaintiffs filed a second notice of appeal, which again stated that they were appealing the April 11, 2023, and July 6, 2023, orders.

¶ 20    First, plaintiffs argue for reversal of the April 14, 2021, order denying their replevin claim. As discussed, plaintiffs originally filed a notice of appeal in May 2021 from the order denying the replevin claim, but we dismissed the appeal because it was not final as there was an outstanding counterclaim that had not yet been resolved[2]. Plaintiffs argue that the subsequent judgment entered after the bench trial resolved all claims (including the counterclaim), rendering the April 14 order

---

[2] The dismissal order incorrectly cited Illinois Supreme Court Rule 326 (eff. July 1, 2017) as the basis for the dismissal. Rule 326 provides deadlines for the filing of the record on appeal. The dismissal order was premised on the interlocutory nature of the April 14, 2021, order and not the failure to timely file the record on appeal.

appealable. Plaintiffs contend the new notices of appeal filed on August 2, 2023, and August 4, 2023, from the judgment rendered after the bench trial give us jurisdiction over the April 14 replevin order.

¶ 21 Illinois Supreme Court Rule 303(b)(2) (eff. July 1, 2017) provides that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." The notice of appeal confers jurisdiction on the appellate court "to consider only the judgments or parts of judgments specified in the notice of appeal." *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011). In the instant case, the August 2 and August 4 notices of appeal specified that the appeal was only from the April 11, 2023, and July 6, 2023, orders entered after the trial on the breach of contract claims, *not* the April 14, 2021, order denying the replevin claim. Accordingly, defendant argues that we lack jurisdiction to consider the April 14, 2021, order.

¶ 22 Plaintiffs argue, though, that even where an order is not listed in the notice of appeal, it may be reviewed if it was a step in the procedural progression leading to the judgment specified in the notice of appeal. See *CitiMortgage, Inc. v. Hoeft*, 2015 IL App (1st) 150459, ¶ 8. An order was a step in the procedural progression where it can be said to relate to the judgment specified in the notice of appeal. *Id.* We construe notices of appeal liberally. *Id.*

¶ 23 We view the April 14, 2021, order denying plaintiffs' replevin claim as a step in the procedural progression leading to the court's April 11 and July 6, 2023, orders specified in the notices of appeal at issue here. The April 14, 2021, replevin order, and the April 11 and July 6, 2023, orders entered after the bench trial on the breach of contract claims, all related to the same oral agreement between Rusnak and Savyuk. The court's order denying plaintiffs' replevin claim on April 14, 2021, led them to file the amended complaint for breach of contract, resulting in the

bench trial thereon and the April 11, 2023, decision assessing damages for the parties' respective breaches of the oral agreement and the July 6, 2023, order denying reconsideration. As such the April 14, 2021, order related to and was a step in the procedural progression of the April 11 and July 6, 2023, orders listed in the notices of appeal. Therefore, we have jurisdiction to review the April 14, 2021, order.

¶ 24    However, jurisdiction aside, plaintiffs waived review of the April 14, 2021, order by subsequently filing an amended complaint asserting claims for breach of contract, violation of the Automotive Repair Act, and negligence, while omitting the replevin count. By failing to replead the replevin count, plaintiffs thereby abandoned it and waived any appellate review of the April 14 ruling thereon. See *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 153 (1983) ("a party who files an amended pleading waives any objection to the trial court's ruling on the former complaints"); *Bowman v. County of Lake*, 29 Ill. 2d 268, 272 (1963) ("Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn.").

¶ 25    Even if there was no waiver, we still would affirm the circuit court's denial of the replevin count because plaintiffs failed to meet their burden, as the appellants, of providing us with a transcript of the hearing on the replevin claim or a Rule 323 substitute to support their claim of error. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Given the incompleteness of the record, we presume that the judgment denying the replevin claim had a sufficient factual basis and was in accordance with the law. *Id.* at 391-92.

¶ 26    Next, plaintiffs argue that the circuit court erred by granting defendant's motion *in limine* barring exhibit 7, which contained a list of invoices detailing the income generated by truck 77 in

2020 prior to its engine failure, and supplemental exhibit 1 containing the actual invoices. The invoices were relevant to the amount of damages plaintiffs suffered by defendant's failure to timely replace truck 77's engine pursuant to the oral agreement. During the hearing on the motion, defendant argued that plaintiffs violated Illinois Supreme Court Rule 214 (eff. July 1, 2018) because they possessed those invoices for about two years but failed to disclose them until a few days before trial. The circuit court agreed that plaintiffs' two-year delay in disclosing the invoices constituted a discovery violation, and it granted defendant's *in limine* motion barring their introduction at trial. We review the court's ruling for an abuse of discretion. See *Scales v. Benne*, 2011 Ill. App. (1st) 102253, ¶ 33.

¶ 27    Plaintiffs present no cogent argument on appeal, nor any citation to authority, for why the court's granting of the *in limine* motion as to exhibit 7 and supplemental exhibit 1 was an abuse of discretion. Their argument consists of the following sentence: "The court deprived the plaintiffs of their fundamental due process rights when it granted defendant's motion *in limine* and did not allow plaintiff[s] to present certain evidence relevant to calculation of damages." Accordingly, the issue is forfeited. See Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020).

¶ 28    Next, plaintiffs argue that the circuit court erred by granting defendant's motion *in limine* barring exhibit 11, Borgia's written appraisal of the estimated damage to truck 77 while in defendant's possession. Plaintiffs' argument misconstrues the record, which actually shows that the court *denied* defendant's *in limine* motion with respect to exhibit 11. At trial, though, the court sustained defendant's objection when plaintiffs called Borgia to testify to the amount of damages to truck 77. The circuit court excluded Borgia's damages testimony on the basis that it constituted an expert opinion that had not been timely disclosed under Illinois Supreme Court Rule 213(f) (eff. Jan. 1, 2018).

¶ 29    The purpose of discovery rules requiring timely disclosure of expert witnesses, their opinions, and the bases for those opinions is to avoid surprise and discourage gamesmanship. *Wilson v. Moon,* 2019 IL App (1st) 173065, ¶ 33. Disclosures are mandated by Rule 213 and strict compliance with its provisions is required. *Wilson*, 2019 IL App (1st) 173065, ¶ 33. In deciding whether the exclusion of testimony is a proper sanction for nondisclosure, the court considers the following six factors set forth in *Sullivan v. Edward Hospital*, 209 Ill. 2d 100, 110 (2004):  (1) the surprise to the adverse party; (2) the prejudicial effect of the testimony; (3) the nature of the testimony; (4) the diligence of the adverse party; (5) the timely objection to the testimony; and (6) the good faith of the party calling the witness. See also *Wilbourn v. Cavalenes*, 398 Ill. App. 3d 837, 852 (2010). The decision whether or not to impose sanctions will not be disturbed absent an abuse of discretion. *Id.*

¶ 30    In the instant case, defendant timely objected to Borgia's testimony on the basis that it constituted an undisclosed expert opinion and defendant argued for its exclusion due to the surprise and prejudice caused by its nondisclosure. The court sustained defendant's objection and excluded the testimony. Plaintiffs make no argument on appeal that Borgia's testimony was not an expert opinion subject to the Rule 213(f) disclosure requirements or that defendant was not prejudiced by the untimely disclosure. Plaintiffs also make no argument that the court misapplied the relevant *Sullivan* factors or abused its discretion by barring Borgia's previously undisclosed testimony and accordingly have forfeited review thereof. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020).

¶ 31    For all the foregoing reasons, we affirm the circuit court.

¶ 32    Affirmed.